UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CASE NO.:  17-cv-3543

ZERENIA WHITE,

       Plaintiff,

vs.

HOUSTON EMERGENCY AUTO RESCUE & TRUCKING LLC,

       Defendant.

_____/

## COMPLAINT
*[Jury Trial Demanded]*

    Plaintiff, ZERENIA WHITE, for her Complaint against Defendant, HOUSTON EMERGENCY AUTO RESCUE & TRUCKING LLC, states and alleges the following:

### SUMMARY

1. HOUSTON EMERGENCY AUTO RESCUE & TRUCKING LLC, (hereinafter "Defendant" or "HEART") required and/or permitted ZERENIA WHITE (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate Plaintiff her proper overtime compensation for all hours worked.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work.  See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker(s) who has been denied overtime pay required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5.     Venue is proper in this judicial district because Defendant engages in business and maintains its principal place of business here.

## THE PARTIES

6.     Defendant HEART is a domestic limited liability company with its principle place of business in the county where this Court is situated.

7.     Plaintiff ZERENIA WHITE is a resident of Texas.

## COVERAGE

8.     Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

9.     Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

10.    Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11.    Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12.    In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

13.    At all times material hereto, in furtherance of Defendant's operations, Plaintiff individually engaged in interstate commerce by regularly and routinely utilizing

instrumentalities of interstate commerce, including, but not limited to, phones and equipment that were manufactured in other states.

### FACTUAL ALLEGATIONS

14. Defendant engaged in the business of providing towing operation services to its customers.

15. Plaintiff began working for Defendant on or about July 1, 2015 as an hourly dispatcher and continued employment with Defendant until on or about July 27, 2017.

16. Plaintiff approximates that she worked an average of 55 hours per week for Defendant.

17. Defendant compensated Plaintiff $10.00 per hour worked for every hour worked, regardless of the number of hours worked. Defendant failed to compensate Plaintiff her extra "and a half" portion of her overtime premium for all hours worked in excess of 40 per workweek.

18. By way of example, for the week ending January 16, 2016, Plaintiff worked a total of 68 hours but was only compensated $680.00 for this week of employment. Accordingly, Defendant owes Plaintiff an additional $140.00 in overtime premiums for this week alone.

### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") (OVERTIME)

19. Plaintiff incorporates all allegations contained in the preceding paragraphs.

20. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21. Defendant's failure to pay overtime compensation to Plaintiff violates the FLSA.

3

22. Plaintiff is not exempt from the right to receive the appropriate overtime pay under the FLSA.

23. As a result of Defendant's failure to compensate its employees, including Plaintiff(s), Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

24. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

25. Additionally, Plaintiff is entitled to an amount equal to unpaid overtime wages, liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

26. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

27. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

28. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful.  29 U.S.C. § 216(b).

29. WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times her regular rate;

b. an equal amount as liquidated damages as allowed under the FLSA;

c. damages accrued up to three years;

d. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

e. pre-judgment and post judgment interest at the highest rates allowed by law; and

f. such other relief as to which Plaintiff(s) may be entitled.

Respectfully submitted,
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
**GOLDBERG & LOREN, PA**
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*